**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ALISSA CATHERINE ALLEN, individually and on behalf of all others similarly situated,<br><br>v.<br><br>TIGER SAFETY, LLC a/k/a TIGER SAFETY OF TEXAS, LLC d/b/a TIGER SAFETY f/k/a TIGER RENTALS, LLC d/b/a TIGER RENTALS, LTD.; THE MODERN GROUP, LTD. d/b/a THE MODERN GROUP OF COMPANIES, LTD. d/b/a MODERN GROUP OF COMPANIES LTD. f/k/a THE MODERN GROUP, INC. f/k/a THE MODERN GROUP GP-SUB, INC.; and THE MODERN GROUP GP, INC. d/b/a THE MODERN GROUP OF COMPANIES, LTD. d/b/a MODERN GROUP OF COMPANIES LTD. d/b/a THE MODERN GROUP GP-SUB, INC. | **Case No. 6:21-cv-00114**<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Alissa Catherine Allen brings this lawsuit to recover unpaid overtime wages and other damages from Tiger Safety and The Modern Group under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS § 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS § 115/1, *et seq.*

2. Allen and other workers like her were paid a day rate—a flat amount for each day worked—no matter how many hours they worked each week.

3. Instead of paying overtime as required by the FLSA and Illinois law, Tiger Safety and The Modern Group paid these workers a single day rate for each day worked, even when they were working more than 40 hours in a week.

4. Although these workers regularly work more than 40 hours a week, Tiger Safety and The Modern Group do not pay them overtime.

5. Tiger Safety and The Modern Group's policy of paying these employees a day rate, with no overtime pay, violates the FLSA.

6. Tiger Safety and The Modern Group's policy of paying these employees a day rate, with no overtime pay, violates the state laws of the states in which the employees worked, including Illinois.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers under the FLSA and Illinois law.

## Jurisdiction and Venue

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court has original jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11. Plaintiffs' state law claims are not novel or complex. 28 U.S.C. § 1367(c)(1).

12. Plaintiffs' state law claims do not predominate over their federal question claims. 28 U.S.C. § 1367(c)(2).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District and Division.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Tiger Safety maintains its principal office in this District and Division.

## PARTIES

15. Allen worked for Tiger Safety and The Modern Group from November until December 2020.

16. Allen signed an employment agreement with Tiger Safety.

17. Allen signed an employment agreement with The Modern Group.

18. Allen was paid according to Tiger Safety and The Modern Group's day rate policy.

19. Allen was paid a day rate.

20. Allen was not paid a salary.

21. Allen was not paid on a fee basis.

22. Allen was not paid by the hour.

23. Allen's written consent is attached as Exhibit A.

24. Allen represents at least two classes of similarly situated coworkers in this lawsuit.

25. Allen represents a class of similarly situated workers under § 16(b) of the FLSA. *See* 29 U.S.C. § 216(b) (the "FLSA class"). This FLSA class is defined as:

> **All current and former day rate workers employed by Defendants in the United States in the past three years.**

26. Allen represents a class of similarly situated workers under the IMWL, pursuant to Federal Rule of Civil Procedure 23 (the "Illinois Class"). This Illinois Class is defined as:

> **All current and former day rate workers employed by Defendants in Illinois in the past three years.**

27. Together, the FLSA Class Members and Illinois Class Members are referred to as the "Putative Class Members."

28. **Tiger Safety, LLC a/ka Tiger Safety of Texas, LLC d/b/a Tiger Safety f/k/a Tiger Rentals, LLC d/b/a Tiger Rentals, Ltd. ("Tiger Safety")** is a Texas limited liability company.

29. Tiger Safety conducts business in a systematic and continuous manner throughout Louisiana and this District.

30. Tiger Safety may be served by serving its registered agent for service of process: **Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802**.

31. **The Modern Group, Ltd. d/b/a The Modern Group of Companies, Ltd. d/b/a Modern Group of Companies Ltd. f/k/a The Modern Group, Inc. f/k/a The Modern Group GP-Sub, Inc.** is a Texas partnership.

32. The Modern Group. Ltd. conducts business in a systematic and continuous manner throughout Louisiana and this District.

33. The Modern Group, Ltd. may be served by serving its registered agent for service of process: **Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802**.

34. **The Modern Group GP, Inc. d/b/a The Modern Group of Companies, Ltd. d/b/a Modern Group of Companies Ltd. d/b/a The Modern Group GP-Sub, Inc.** is a Texas corporation.

35. The Modern Group, GP, Inc. conducts business in a systematic and continuous manner throughout Louisiana and this District.

36. The Modern Group, GP, Inc. may be served by serving its registered agent for service of process: **CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816**.

37. Throughout this petition, The Modern Group Ltd. and The Modern Group, GP, Inc. are referred to jointly as "The Modern Group."

38. At all relevant times, The Modern Group exerted operational control over Tiger Safety.

39. Tiger Safety and The Modern Group employed and/or jointly employed Allen and the Putative Class Members.

40. Tiger Safety and The Modern Group are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## Coverage Under The FLSA

41. At all relevant times, Tiger Safety was an employer of Allen within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all relevant times, Tiger Safety was an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43. At all relevant times, Tiger Safety has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. During at least the last three years, Tiger Safety has had gross annual sales in excess of $500,000.

45. During at least the last three years, Tiger Safety was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

46. During at least the last three years, Tiger Safety has employed many workers, including Allen, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

47. The goods and materials handled, sold, or otherwise worked on by Allen, the Putative Class Members, and other Tiger Safety employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

48. At all relevant times, The Modern Group was an employer of Allen within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all relevant times, The Modern Group was an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

50. At all relevant times, The Modern Group has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. During at least the last three years, The Modern Group has had gross annual sales in excess of $500,000.

52. During at least the last three years, The Modern Group was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

53. During at least the last three years, The Modern Group has employed many workers, including Allen, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

54. The goods and materials handled, sold, or otherwise worked on by Allen, the Putative Class Members, and other The Modern Group employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

## FACTS

55. Tiger Testing and The Modern Group provide a variety of industrial and safety-related equipment and services across a variety of industries.

56. Over the past three years, Tiger Testing and The Modern Group have employed hundreds of individuals, or more—including Plaintiffs—as day rate workers across the country.

57. For example, Tiger Testing and The Modern Group employed day rate workers in Texas, Louisiana, Illinois, and Wisconsin.

58. While the Putative Class Members' job duties may vary somewhat, these differences are not relevant for determining their rights to overtime pay.

59. Tiger Testing and The Modern Group pay Allen and the Putative Class Members a day rate for the work they perform.

60. The Putative Class Members' day rates are readily found in Tiger Testing and The Modern Group's payroll records.

61. The Putative Class Members were paid a day-rate.

62. The Putative Class Members were not paid a salary.

63. The Putative Class Members were paid based on the number of days they worked.

64. If a Putative Class Members did not work on a certain day, then they were not paid for that day.

65. A salary is not the same as a day rate.

66. In fact, Tiger Testing and The Modern Group likely pay certain employees—such as office workers—a salary.

67. Tiger Testing and The Modern Group nonetheless paid certain employees, including Allen, a day-rate without any overtime.

68. It is well-known that day-rate employees are not exempt from the overtime provisions of the FLSA and state wage laws, no matter what their job duties are.

69. Tiger Testing and The Modern Group recorded the hours worked by their non-exempt employees, including Allen and the Putative Class Members.

70. Tiger Testing and The Modern Group's day rate employees are non-exempt employees.

71. While the precise job duties of the Putative Class Members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

72. An employer can pay a non-exempt employee on day rate basis provided the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

73. Tiger Testing and The Modern Group regularly scheduled Allen and the Putative Class Members to work more than 40 hours per week.

74. Allen and the Putative Class Members regularly worked at more than 40 hours in a week.

75. Tiger Testing and The Modern Group knew Allen worked more than 40 hours in a week.

76. Tiger Testing and The Modern Group has known the Putative Class Members work more than 40 hours in a week.

77. Tiger Testing and The Modern Group records show Allen worked more than 40 hours in a week.

78. Tiger Testing and The Modern Group records show the Putative Class Members work more than 40 hours in a week.

79. Tiger Testing and The Modern Group know Allen and the Putative Class Members are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

80. Tiger Testing and The Modern Group know day rate workers are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

81. Nonetheless, Tiger Testing and The Modern Group do not pay their day rate workers overtime for hours worked in excess of 40 in a workweek.

82. Tiger Testing and The Modern Group knew, or showed regardless disregard for whether, their day rate policy violated the FLSA.

83. Tiger Testing and The Modern Group knew, or showed regardless disregard for whether, their day rate policy violated Illinois law.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

84. Allen incorporates all preceding paragraphs.

85. The illegal pay practices Tiger Safety and The Modern Group imposed on Allen were likewise imposed on the Putative Class Members.

86. Numerous other individuals who worked with Allen were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA and the IMWL.

87. The classes are so numerous that joiner of all members is impracticable.

88. Thus, Tiger Safety and The Modern Group imposed a uniform practice or policy on Allen and the Putative Class Members regardless of any individualized factors.

89. Based on her experience with Tiger Safety and The Modern Group, Allen is aware that Tiger Safety and The Modern Group's illegal practices were imposed on the Putative Class Members.

90. Putative Class Members were all paid a day rate without overtime when they worked in excess of 40 hours per week.

91. Tiger Safety and The Modern Group's failure to pay wages and overtime compensation at the rates required by the FLSA and the IMWL result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

92. Allen's experiences are therefore typical of the experiences of the Putative Class Members.

93. Allen has no interest contrary to, or in conflict with, the Putative Class Members.

94. Like each member of the proposed classes, Allen has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

95. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

96. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Tiger Safety and The Modern Group will reap the unjust benefits of violating the FLSA and the IMWL.

97. Furthermore, even if some of the Putative Class Members could afford individual litigation against Tiger Safety and The Modern Group, it would be unduly burdensome to the judicial system.

98. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

99. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a) Whether the Putative Class Members were improperly classified as exempt from the overtime requirements of the FLSA and the IMWL;

(b) Whether the Putative Class Members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

(c) Whether Tiger Safety and The Modern Group's day rate pay scheme, without overtime pay regardless of the number of hours worked, violated the FLSA and the IMWL;

(d) Whether Tiger Safety and The Modern Group's decision to not pay overtime to the Putative Class Members was made in good faith or on reasonable grounds; and

(e) Whether Tiger Safety and The Modern Group's violation of the FLSA and the IMWL was willful.

100. Allen's claims are typical of the Putative Class Members claims. Allen and the Putative Class Members have sustained damages arising out of Tiger Safety and The Modern Group's illegal and uniform pay policy.

101. Allen knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

102. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA

103. Allen incorporates all other allegations.

104. As set forth herein, Tiger Safety and The Modern Group violated the FLSA by failing to pay Allen and the FLSA Class Members overtime under its day-rate system for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

105. Tiger Safety and The Modern Group knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay Allen and the FLSA Class Members proper overtime compensation.

106. Tiger Safety and The Modern Group's failure to pay overtime compensation to Allen and the FLSA Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

107. Accordingly, Allen and the FLSA Class Members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION—VIOLATIONS OF THE IMWL

108. Allen incorporates all other allegations.

109. The conduct alleged in this Complaint violates the IMWL.

110. At all relevant times, Tiger Safety was and is an "employer" within the meaning of the IMWL.

111. At all relevant times, Tiger Safety employed Allen and all other Illinois Class Members as "employees" within the meaning of the IMWL.

112. At all relevant times, The Modern Group was and is an "employer" within the meaning of the IMWL.

113. At all relevant times, The Modern Group employed Allen and all other Illinois Class Members as "employees" within the meaning of the IMWL.

114. The IMWL requires employers like Tiger Safety and The Modern Group to pay overtime to all non-exempt employees.

115. Allen and the other Illinois Class Members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

116. Within the applicable limitations period, Tiger Safety and The Modern Group had a policy and practice of failing to pay proper overtime to the Illinois Class Members for their hours worked in excess of 40 hours per week. IMWL, 820 ILCS § 105/4(a).

117. As a result of Tiger Safety and The Modern Group's failure to pay proper overtime to Allen and the Illinois Class Members for work performed in excess of 40 hours in a workweek, Tiger Safety and The Modern Group violated the IMWL.

118. Allen and the Illinois Class Members are entitled to overtime wages under the IMWL in an amount equal to 1.5 times their rates of pay, plus interest, attorneys' fees, costs, and all other damages allowed under the IMWL. IMWL, 820 ILCS § 105/12.

119. Interest under the IMWL is calculated as 2% of the amount of the unpaid wages for each month following the date of the unpaid wages until paid for each unpaid employee.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE IWPCA

120. Allen incorporates all other allegations.

121. The conduct alleged in this Complaint violates the IWPCA.

122. At all relevant times, Tiger Safety was and is an "employer" within the meaning of the IWPCA.

123. At all relevant times, Tiger Safety employed Allen and all other Illinois Class Members as "employees" within the meaning of the IWPCA.

124. At all relevant times, The Modern Group was and is an "employer" within the meaning of the IWPCA.

125. At all relevant times, The Modern Group employed Allen and all other Illinois Class Members as "employees" within the meaning of the IWPCA.

126. The IWPCA requires employers like Tiger Safety and The Modern Group to pay workers at their agreed upon rates of pay.

127. Tiger Safety and The Modern Group's obligation under the IWPCA to pay workers at their agreed upon rates of pay regardless of the basis of calculation. IWPCA, 820 ILCS § 115/3.

128. Tiger Safety and The Modern Group violated the IWPCA by failing to compensate Allen and the Illinois Class Members for all hours worked in Illinois at their agreed upon rates of pay.

129. Tiger Safety and The Modern Group was required to pay workers their wages and final compensation within the time allowed by the IWPCA. IWPCA, 820 ILCS § 115/4.

130. Tiger Safety and The Modern Group violated the IWPCA by failing to pay Allen and the Illinois Class Members their wages and final compensation within the time required under the IWPCA.

131. Under the IWPCA, Allen and the Illinois Class Members are entitled to recover their unpaid wages, final compensation, and wage supplements, plus interest, attorneys' fees, costs, and all other damages allowed under the IWPCA. IWPCA, 820 ILCS § 115/14.

132. Interest under the IWPCA is calculated as 2% of the amount of the underpayment for each month following the date of the underpayment until paid for each unpaid employee.

## RELIEF SOUGHT

133. Wherefore, Allen prays for judgment against Tiger Safety and The Modern Group as follows:

(a) For an order finding Tiger Rentals, The Modern Group, and each person or entity comprising Tiger Rentals and The Modern Group to be a joint employer pursuant to the FLSA and Illinois law;

(b) For an order certifying this case as a collective action pursuant to 29 U.S.C. §216(b) for the purposes of the FLSA claims;

(c) For an order certifying Allen's claims under Illinois law as a Rule 23 class action, appointing Allen as a class representative, and her counsel as class counsel;

(d) For an order finding Allen liable for violations of the FLSA with respect to Allen and all FLSA Class Members covered by this case;

(e) For an order finding Tiger Rentals and The Modern Group liable for violations of the IMWL and IWPCA with respect to Allen and all Illinois Class Members covered by this case;

(f) For a judgment awarding all unpaid wages and liquidated damages to Allen and all Putative Class Members covered by this case;

(g) For an order awarding 2% monthly interest on all overtime compensation due to Allen and all Illinois Class Members covered by this case, from the date the wages were due until paid;

(h) For an order awarding 2% monthly interest on all overtime compensation due to Allen and all Illinois Class Members covered by this case, from the date the underpayments were due until paid;

(i) For a judgment awarding Allen and all Putative Class Members covered by this case their attorneys' fees, costs, and expenses of this action;

(j) For a judgment awarding Allen and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(k) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: ***/s/ Matthew S. Parmet***

**Matthew S. Parmet**, T.A.
Louisiana Bar # 32855
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**