UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALISSA CATHERINE ALLEN** | **CASE NO. 6:21-CV-00114** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TIGER SAFETY L L C ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

O R D E R

Before the court is a motion for sanctions filed by defendants Tiger Safety LLC, The Modern Group, Ltd., and the Modern Group GP, Inc. ("Defendants"). (Rec. Doc. 26). Defendants' motion alleges willful violation of this Court's pre-notice discovery order by Plaintiff's counsel, Matt Parmet ("Parmet"). Specifically, Defendants seek the imposition of sanctions against Plaintiff and Parmet for the alleged willful solicitation of potential class members by written correspondence. (*Id.*). Having reviewed the motion and all attendant briefs, this Court finds that the motion fails to show a violation of the pre-notice discovery order and is, therefore, DENIED.

Plaintiff was employed by defendants Tiger Safety and the Modern Group conducting Covid testing as a registered nurse from November 2020 until December 2020. (Rec. Doc. 1 at ¶ 15; Rec. Doc. 28 -1 at p. 6, n. 1). Plaintiff filed suit in January of 2021 asserting claims under, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* on her own behalf and on behalf of other

similarly situated persons. (*Id.*, generally). Plaintiff's suit alleges that defendants paid her a "day rate" for each day she worked, regardless of the number of hours worked in a given day. Plaintiff claims that she and other employees often worked more than forty (40) hours in a week but were not paid overtime. Rather, defendants paid only the daily rate for each day worked. Plaintiff's purported collective action claims defendants' practice knowingly deprived plaintiff and other similarly situated employees of overtime wages to which they were entitled under the FLSA. (*Id.*).

Counsel participated in their first teleconference before this Court on May 19, 2021, after which the undersigned instructed counsel to confer and submit a joint recommended pre-notice discovery plan. To that end, this Court issued an order prescribing briefing delays regarding this issue. (Rec. Docs. 18, 19).

Counsel were unable to reach consensus on all pre-notice discovery issues, so they filed a motion for a follow-up telephone status conference and submitted their own, competing pre-notice discovery plans, asking the Court to determine which of the competing forms would be used in this case. (Rec. Doc. 21). Counsel's motion was granted and a telephone status conference was held on June 16, 2021. (Rec. Doc. 34). A consolidated version of the parties' pre-notice discovery plan was drafted and issued as an order based on the Court's ruling regarding the parties' two (2) competing versions of the document. (Rec. Doc. 25).

Defendants' motion asserts that it produced to Plaintiff's counsel a list of potential class members on July 23, 2021 in accordance with the pre-notice discovery schedule. (Rec. Doc. 26-1 at p. 2). Upon receipt of defendants' list of potential class members, plaintiff sent each person identified in the list an "investigation letter" ("letter") that forms the alleged violation at issue in this motion. (Rec. Doc. 26-3). Defendants allege that Plaintiff's counsel knowingly violated the pre-notice discovery order by sending this letter and, in so doing, also violated the Louisiana and Texas Rules of Professional Conduct. (Rec. Doc. 26-1 at pp. 4-7).

It is well settled that a district court's discretion, though not unlimited, includes the supervision and direction of the notice process in collective actions. Involvement by courts must abstain from even the appearance of weighing in on the merits. *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989).

The disputed relevant language in this Court's pre-notice discovery order provides,

> a. The list of workers must be used only for the purposes of demonstrating that similarly situated plaintiffs exist. It cannot be used to inappropriately solicit others to join the suit or otherwise foment litigation. (Rec. Doc. 25).

Defendants attach a copy of Plaintiff's contested letter to the instant motion. The Court's review of the letter reveals a concerted effort on Plaintiff's part to engage in discovery aimed at determining the extent to which individuals named

on the list may be "similarly situated plaintiffs" without engaging in conduct which may constitute the solicitation of plaintiffs for the purpose of expanding this litigation. In this way, the Court views the letter as conforming to the instructions contained in the Court's order. Moreover, the undersigned affirms that the Court does expect that both sides would have access to the individuals named in the list, but that, as has been done in this case, no solicitation of prospective plaintiffs would be undertaken at the pre-notice stage. *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 436 (5th 2021) (citing *Hoffman-LaRoche*, 493 U.S. at 174) (a court's intervention into the notice process should not evidence an endorsement of the merits or devolve into the solicitation of claims). To grant Defendants' motion would be to endorse one-sided access to potential plaintiffs during the pre-notice phase of discovery. This is not what the Court intends, as it would render an unfair advantage to Defendants and make production of the list at issue futile.

Given the Court's findings as to any alleged violation of the pre-notice discovery order, we similarly find no violation of any rules of professional conduct by Parmet.

Based on the foregoing, it is hereby

ORDERED that Defendants' motion for the imposition of sanctions against Plaintiff and Plaintiff's counsel for violation of the Court's pre-notice discovery order (Rec. Doc. 26) is DENIED.

SIGNED this 30th day of August 2021.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE